UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENYATTA L. CARTER,

    Plaintiff,

    v.

COUNTY OF ALAMEDA, et al.,

    Defendants.

_____/

No. C 08-5349 PJH

**ORDER OF DISMISSAL**

Pro se plaintiff Kenyatta L. Carter filed this action on November 25, 2008, as guardian ad litem for M.K., her minor child.[1] Also on November 25, 2008, she filed a request to proceed in forma pauperis. The court finds that the complaint must be dismissed under 28 U.S.C. § 1915(e) for failure to state a claim.

## BACKGROUND

This is a case alleging claims of violations of federal constitutional rights under 42 U.S.C. § 1983, plus claims under California civil rights laws and a claim of intentional infliction of emotional distress. Carter seeks compensatory and punitive damages.

Named as defendants are the County of Alameda; seven Alameda County social workers (Ruben Bates, Denetta Jones, Dale Biliter, Steve Ciano, Linda Fuchs, Silvina Cooper, and Jennifer Jenkins); two Alameda County social worker supervisors (Jackson

---

[1] The caption on the complaint states that Carter is proceeding as guardian ad litem for M.K., not on her own behalf. However, the "Parties" section refers to Carter as "plaintiff," the mother of M.K. In addition, the various causes of action refer to Carter's "minor children," but Carter identifies no minor child other than M.K.

and Pat Cripe); the City of Hayward; seven Hayward police officers (Sgt. Ken Forkus, Sgt. Bergelen, Officer B. Tong, M. Scott, M. Matthews, T. Bright, and Jean Leavano); and seven other individuals listed in the caption and mentioned in the "Factual Allegations," but not identified in the "Parties" section (Z. Hoyer, Vanderama, and Suzuki – who may be Hayward Police Officers; and D.A. Williams, R.C. Fox, Simen Jr., and T.M. Robinson – who may be Alameda County Sheriff's Deputies).

The factual allegations are rambling and somewhat incoherent, but Carter appears to be basing her claims on three incidents. First, she asserts that on October 23, 2006, Hayward Police Officers (including Sgt. Forkus, Officer Tong, and possibly Sgt. Bergelen) entered her home without a warrant, searched the home, arrested her, and removed the minor child M.K. (approximately 18 months old at the time). Carter alleges further that once she arrived at the jail, Officer T. Bright hit her and would not permit her to make a phone call, before she was finally released.

Second, Carter asserts that she was found to be in contempt of court during a hearing in Alameda Superior Court on November 20, 2006; was arrested with excessive force by Officer R.C. Fox; was assaulted while in custody at Santa Rita Jail by Deputies D.A. Williams, Simen Jr., and T.M. Robinson, before being transported to John George Hospital; and was finally released on November 21, 2006.

Third, Carter alleges that on November 28, 2008, Alameda County social worker Ruben Bates, and several police officers (Sgt. Forkus, and Officers Z. Hoyer, Vanderama, Suzuki, and Jean Leavano, along with possibly two other unidentified officers) entered her home without a search warrant, searched the home, and removed M.K., the minor child.

Carter asserts nine causes of action:

(1) a Fourth Amendment claim of warrantless entry, against Sgt. Forkus and Does 1-35,[2] based on Sgt. Forkus' action of entering Carter's home by climbing

---

[2] Neither the case caption nor the "Parties" section mentions Doe Defendants. The practice of suing Doe defendants is generally disfavored in the Ninth Circuit. Nevertheless, in cases where the identity of the alleged defendant is not known before the filing of a lawsuit, "the plaintiff should be given an opportunity through discovery to identify the unknown

2

1 through a window;

2     (2) a First Amendment claim of "violation of freedom of association,"
3 against "Police," based on an unidentified police officer's refusal to permit Carter to contact
4 her attorney by telephone;

5     (3) a Fourteenth Amendment claim of "warrantless removal," against all
6 the social worker defendants and against the police officers named as present at Carter's
7 home on October 23, 2006, and November 28, 2006, based on the removal of the minor
8 child M.K. from her home;

9     (4) a Fourteenth Amendment claim of "continued detention," against all the
10 social worker defendants, based on the continued detention of the minor child M.K. pending
11 a hearing by the juvenile court;

12     (5) a claim under Civil Code § 52.1 for "warrantless entry," against the
13 police officers that climbed into Carter's home through the window, entered her home
14 without a warrant, and refused to permit her to contact her attorney;

15     (6) a claim under Civil Code § 52.1 for "violation of freedom of
16 association," against unnamed and as-yet unidentified police officers, based on the refusal
17 to permit Carter to contact her attorney;

18     (7) a claim under Civil Code § 52.1 for "warrantless removal" against Sgt.
19 Forkus and Does 1-35, based on the warrantless removal of the minor child by the police
20 officers and social worker Ruben Bates;

21     (8) a Fourth Amendment claim of "warrantless seizure," on behalf of the
22 minor child M.K., against Officer Forkus, and Does 1-35, based on the removal of the child
23 from Carter's home; and

24     (9) a claim of intentional infliction of emotional distress, against all
25 defendants.

---

defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir.1999) (citation and quotation omitted).

**DISCUSSION**

A.   Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  When a complaint is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit.  28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law.  Neitzke v. Williams, 490 U.S. 319, 328-30 (1989).  A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim.  Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

B.   Analysis

The court finds that the complaint must be dismissed for failure to state a claim.  First, any claims based on the events of October 23 and 24, 2006, and the events of November 20 and 21, 2006, are time-barred.  The statute of limitations that is applied in California to claims under 42 U.S.C. § 1983 and that applies in the present case to Carter's claims under California Civil Code §§ 52 and 52.1, and to her claim for intentional infliction of emotional distress, is California Code of Civil Procedure § 335.1, the two-year statute applicable to personal injury actions (actions for "assault, battery, or injury to, or for the death of an individual caused by the wrongful act or neglect of another").  See Jonas v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (§ 1983); Gatto v. County of Sonoma, 98 Cal. App. 4th 744, 760 (2002) (§ 52.1); Puliese v. Superior Court, 146 Cal. App. 4th 1444, 1450

4

(2007) (infliction of emotional distress).

Second, as to the events of November 28, 2006, the court finds that the complaint must be dismissed because it fails to put the individual defendants on notice of the claims asserted against them.  Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests."  Yamaguchi v. United States Dep't of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997).

Put another way, a plaintiff is required to include in a complaint "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S.Ct. 1955, 1965-65 (2007).  Despite the flexible pleading policy of the Federal Rules, a complaint must state the elements of the claim plainly and succinctly, and must allege with at least some degree of particularity overt facts that a particular defendant engaged in to support plaintiff's claim.  Jones v. Community Redev. Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984).

As far as the court can ascertain, it appears that the only federal claims arising from the events of November 28, 2006, are Carter's Fourth Amendment claim of entry without a warrant, and her Fourteenth Amendment claim of removal of the minor child without due process; plus the § 1983 claim asserted on behalf of the minor child M.K.  It appears that the only state law claims arising from the events of November 28, 2006, are the § 52.1 claims of removal of the minor child without due process, and the claim of intentional infliction of emotional distress.  Whatever claim Carter intends to allege against any defendant in connection with the events of November 28, 2006, she must state facts that support the elements of each cause of action, as to each defendant.

Third, as a further basis for dismissing the state law claims, the court notes that Carter does not allege that she complied with the provisions of the California Tort Claims

5

1 Act ("CTCA").  The CTCA requires an individual seeking money or damages from a public
2 agency to first file a claim with the agency.  Cal. Gov't Code, § 900 et seq.; <u>Ard v. County of</u>
3 <u>Contra Costa</u>, 93 Cal. App. 4th 339, 343 (2001).  Presentation of a timely tort claim is a
4 prerequisite to maintaining such a cause of action against a public entity.  <u>Id.</u>; see
5 <u>Hernandez v. McClanahan</u>, 996 F.Supp. 975, 977 (N.D. Cal. 1998).  A plaintiff's pendent
6 state law claims against a California public agency are barred unless the plaintiff has
7 complied with the requirements of the CTCA before commencing a civil action.  <u>Mangold v.</u>
8 <u>Cal. Public Utilities Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995).

9      California Government Code § 911.2(a) requires that a claim relating to a cause of
10 action for personal injury be presented not later than six months after accrual of the cause
11 of action and that a claim relating to any other cause of action be presented not later than
12 one year after accrual of the cause of action.  Because Carter's claims are for "money or
13 damages," they were required to be presented under California Tort Claims Act.  <u>See</u> Cal.
14 Gov't Code §§ 905, 905.2, 911.2, 945.4, 945.6.  Thus, in order to proceed with any of her
15 state law claims, she must allege facts showing presentment of a timely claim to the City of
16 Hayward and the County of Alameda.

17 C.    Kenyatta L. Carter as Guardian ad Litem

18      Finally, the court notes that Carter has not obtained leave of court to proceed as
19 guardian ad litem for M.K.  Under Federal Rule of Civil Procedure 17, a federal court must
20 determine if the plaintiff is a minor or is incompetent to represent himself or herself, and
21 must then determine whether the minor or incompetent person has a duly appointed
22 representative who has the capacity to sue on his behalf under applicable state law.
23 Fed.R.Civ.P. 17(b).

24      Rule 17 provides further,

25 Whenever an infant or incompetent person has a representative, such as a
general guardian, committee, conservator, or other like fiduciary, the
26 representative may sue or defend on behalf of the infant or incompetent
person.  An infant or incompetent person who does not have a duly appointed
27 representative may sue by a next friend or by a guardian ad litem. The court
shall appoint a guardian ad litem for an infant or incompetent person not
28 otherwise represented in an action or shall make such other order as it deems

proper for the protection of the infant or incompetent person. Fed.R.Civ.P. 17(c).  Until Kenyatta L. Carter has established that she meets the requirements under Rule 17, and has obtained authorization from the court to proceed as guardian ad litem, she may not proceed in this action on behalf of M.K.

## CONCLUSION

In accordance with the foregoing, the complaint is DISMISSED.  The dismissal is with LEAVE TO AMEND.  Any amended complaint must be filed no later than January 15, 2009.  Failure to file the amended complaint by this deadline will result in dismissal of the action.

Any amended complaint may not assert any claims based on incidents occurring prior to November 25, 2006; must clearly identify each defendant; and must allege facts as to each cause of action asserted against each defendant.  In addition, if Carter intends to proceed with any state law claims, any amended complaint must allege facts establishing compliance with the California Tort Claims Act.  Finally, in order to proceed as guardian ad litem for the minor child M.K., Carter she must seek leave of court.

Because the dismissal is with leave to amend, the court does not now rule on Carter's request for leave to proceed in forma pauperis.

**IT IS SO ORDERED.**

Dated:  December 15, 2008

PHYLLIS J. HAMILTON
United States District Judge